Frank P. Arleo - #0801
**ARLEO & DONOHUE, L.L.C.**
622 Eagle Rock Avenue
West Orange, New Jersey 07052
(973) 736-8660 Fax (973) 736-1712
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUSTIN MONTGOMERY,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PATERSON, SPENCER FINCH, individually and in his official capacity, KYLE WANAMAKER, individually and in his official capacity, PATERSON POLICE DEPARTMENT and JOHN DOES 1-10, Individually and in their official capacities,<br><br>    Defendants. | : : : : : : : : : : : : : : : : : | Civil Action No.:<br><br><br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Justin Montgomery, by and through his attorneys, Arleo & Donohue, LLC, by way of Complaint against the Defendants, states as follows:

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of statute, ordinance, regulation, custom or usage of Plaintiff's rights, privileges and immunities secured by the Fourteenth Amendment to the Constitution of the United States.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343, which confer original jurisdiction on federal courts in suits to redress the deprivation of rights, privileges and immunities as set forth in Paragraph 3.

3. At all times, Defendants acted under color and pretense of state law.

4. Plaintiff's state and federal claims set forth herein drive from a common nucleus of operative facts.

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.§ 1367 providing for supplemental jurisdiction for claims brought under state law.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) insofar as the substantial events underlying Plaintiff's claims occurred in this District.

## **THE PARTIES**

7. Plaintiff Justin Montgomery is a resident of the City of Paterson, County of Passaic and State of New Jersey and, upon information and belief, all parties reside in this district.

8. Defendant City of Paterson is a municipal corporation with its principal place of business located at 155 Market Street, Paterson, New Jersey 07505.

9. Defendant Paterson Police Department is a Department operated under the jurisdiction of Defendant City of Paterson and within an apportionment of the City of Paterson's total operating budget with its principal place of business located at 111 Broadway, Paterson, New Jersey 07505.

10. Defendant Spencer Finch ("Defendant Finch") is a police officer employed by Defendants City of Paterson and Paterson Police Department.

11. Defendant Kyle Wanamaker ("Defendant Wanamaker") is a police officer employed by Defendants City of Paterson and Paterson Police Department.

12. Defendants John Does 1-10 are persons whose identities are presently unknown to Plaintiff and who are believed to be employees of Defendants City of Paterson and Paterson Police Department, and to have participated as actors, agents, co-conspirators and/or aiders and

abettors in the wrongful conduct described herein and who thereby caused or contributed to substantial damage and injury to Plaintiff.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

13. On or about December 22, 2018, Plaintiff was lawfully on the premises of Quiks Deli in Paterson, New Jersey to purchase some items along with five of his friends.

14. The manager of the store approached one of Plaintiff's companions, grabbed him by the wrist and accused him of trying to steal some ice cream items. Plaintiff was not accused of any theft, however, he advised the manager the items had been paid for and left the store to retrieve the receipt to demonstrate proof of purchase. The manager agreed that Plaintiff and his friends could leave the store and they returned to their van.

15. After entering their van to leave, Plaintiff and his friends were surrounded by several police cars. The officers, including Defendant Finch, drew their weapons and shouted commands at Plaintiff and his friends to exit the vehicle.

16. Plaintiff was the last occupant to leave the vehicle. As he was exiting, Defendant Finch, who apparently did not believe Plaintiff was exiting quickly enough, aggressively confronted Plaintiff.

17. Defendant Finch falsely accused Plaintiff of theft despite the fact that Plaintiff was not the individual accused by the store manager of having stolen two items. He then grabbed Plaintiff by a chain around his neck, forcefully pulled Plaintiff out of the van and pushed him against a wall.

18. Defendant Finch and John Doe Defendants struck Plaintiff with a hard object believed to be a nightstick or a flashlight while simultaneously yelling "where are the drugs and guns?" Plaintiff repeatedly advised Defendants that he had done nothing wrong.

19. Defendant Finch then struck Plaintiff in the face with a hard object, causing Plaintiff to suffer a broken nose, split lip and the loss of several teeth.

20. Plaintiff was subsequently handcuffed with such excessive force that he required stitches to close the wounds on his hands.

21. None of the other officers present intervened to prevent Plaintiff's injuries despite a reasonable opportunity to do so.

22. Plaintiff was then arrested by Defendant Finch and charged with robbery, resisting arrest and assault on a police officer despite the fact that he had done nothing wrong and was not the individual accused of stealing by the store manager.

23. Upon information and belief, Defendant Wanamaker was the individual who filed the police report against Plaintiff containing allegations that were knowingly false in order to obfuscate Defendants' wrongful attack on Plaintiff.

24. Plaintiff asserts that as a direct result of the intentional conduct described herein he has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused as a direct result of the wrongful conduct described herein.

## **FIRST COUNT**
## **42 U.S.C. § 1983**

25. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 24 as if fully set forth herein.

26. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

27. At all relevant times, Defendants were acting under the color of state law as employees, representatives and/or agents of the Defendants City of Paterson and Paterson Police Department.

28. Defendants are responsible to enforce the laws of the United States and to ensure that Defendants act in accordance with the United States Constitution.

29. Defendants' conduct, while acting under the color of state law, utilizing excessive force to effectuate an improper arrest which resulted in serious and debilitating injuries to Plaintiff constitutes a deprivation of Plaintiff's constitutional rights under the United States Constitution 42 U.S.C. § 1983 and his Fourteenth Amendment substantive due process rights.

30. Defendants' actions were willful and malicious and without justification under the law.

31. Plaintiff asserts that as a direct result of the intentional conduct described herein he has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused as a direct result of the wrongful conduct described herein.

## SECOND COUNT
## 42 U.S.C. § 1983 – Municipal Liability

32. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 31 as if fully set forth herein.

33. At all times mentioned herein, it was the custom, policy and practice of Defendants City of Paterson and Paterson Police Department to permit, tolerate and/or enable the use of excessive force during arrests particularly involving Defendant Finch who, upon information and belief, has a lengthy history of complaints of excessive force yet was permitted to remain an active member of the force.

34. Upon information and belief, Defendants City of Paterson and Paterson Police Department, had knowledge of Defendant Finch's use of excessive force during arrests but took no action to restrain or discipline Defendant or remove him from the force.

35. Upon information and belief, Defendants City of Paterson and Paterson Police Department had knowledge of Defendant Wanamaker's practice of filing false police reports but took no action to restrain or discipline Defendant or remove him from the force.

36. As a direct and proximate result of the custom, policy and practice on the part of Defendants City of Paterson and Paterson Police Department, Plaintiff has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused by the wrongful conduct described herein.

## THIRD COUNT
### New Jersey Civil Rights Act

37. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

38. The New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et. seq., creates a private cause of action for violations of a person's civil rights under the United States Constitution and New Jersey Constitution.

39. At all relevant times hereto, Defendants were acting under the color of state law as employees, representatives and/or agents of Defendants, City of Paterson and Paterson Police Department.

40. Defendants are responsible to enforce the laws of the United States of America and the State of New Jersey and to ensure that said Defendants act in accordance with the United States Constitution and New Jersey Constitution.

41. Defendants' conduct towards Plaintiff, while acting under the color of state law is a deprivation of Plaintiff's constitutional rights under the United States Constitution and New Jersey Constitution.

42. Defendants' actions were willful, malicious and without justification under the law.

43. Plaintiff asserts that as a direct result of the intentional conduct described herein, he has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused as a direct result of the wrongful conduct described herein.

## FOURTH COUNT
### New Jersey Civil Rights Act – Individual Liability

44. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 43 as if fully set forth herein.

45. The New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et. seq. creates a private cause of action for violations of person's civil rights under the United States Constitution and New Jersey Constitution.

46. At all times relevant hereto, Defendants Finch, Wanamaker and John Does 1-10 were acting under the color of state law as employees, representatives and/or agents of Defendants City of Paterson and Paterson Police Department.

47. The conduct of Defendants Finch, Wanamaker and John Does 1-10, as set forth herein, violation Plaintiff's constitutional rights under Article I, Paragraph 7 of the New Jersey Constitution.

48. The conduct of Defendants Finch, Wanamaker and John Does 1-10, as set forth herein, violated Plaintiff's right to equal protection under the law.

49. Defendants' actions were willful and malicious and without justification under the law.

50. Plaintiff asserts that as a direct result of the intentional conduct described herein, he has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused as a direct result of the wrongful conduct described herein.

## FIFTH COUNT
**Civil Conspiracy to Violate Plaintiff's Constitutional Rights**

51.     Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.     Defendants Finch, Wanacker and John Does 1-10 engaged in a civil conspiracy to violate Plaintiff's rights under the United States Constitution and New Jersey Constitution as reflected in the facts set forth above and by virtue of the fact that Defendants conspired to falsify the police report to cover up Defendants' actions in using excessive force during Plaintiff's unlawful arrest.

53.     Plaintiff asserts that as a direct result of the intentional conduct described herein, he has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused as a direct result of the wrongful conduct described herein.

## SIXTH COUNT
**John Doe Liability 42 U.S.C. § 1983**

54.     Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 53 as if fully set forth herein.

55.     Upon information and belief, Defendants John Does 1-10 are individuals, supervisors, officers and/or employees of Defendants City of Paterson and Paterson Police Department whose actions may have caused or contributed to the injuries sustained by Plaintiff as a result of the conduct set forth herein.

56.     At such time as the identities of the fictitiously pleaded Defendants become known, Plaintiff will seek leave to amend his Complaint to substitute the actual names of these Defendants.  Plaintiff attributes each and every act alleged against the named Defendants to these who are fictionally pleaded.

57. Plaintiff asserts that as a direct result of the intentional conduct described herein, he has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused as a direct result of the wrongful conduct described herein.

### SEVENTH COUNT
### Failure to Intervene

58. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraph 1 through 57 as if fully set forth herein.

59. Upon information and belief, Defendants John Does 1-10 were present at the time Plaintiff suffered his injuries due to the use of excessive force, yet failed to intervene to prevent the constitutional violation despite having reasonable opportunity to do so.

60. Defendants John Does 1-10 are liable to Plaintiff for failure to intervene pursuant to 42 U.S.C. § 1983.

61. Plaintiff asserts that as a direct result of the intentional conduct described herein, he has suffered extreme physical, emotional and economic damages and injuries, all of which are alleged to have been caused as a direct result of the wrongful conduct described herein.

WHEREFORE, Plaintiff demands judgment against all defendants, jointly and severally, as follows:

(a) compensatory damages;
(b) lost wages;
(c) costs of suit;
(d) punitive damages;
(e) attorney fees;
(f) interest; and
(g) such other relief as the Court deems just and proper.

and proper.

### DEMAND FOR JURY TRIAL

Under Fed.R.Civ.P.38(b), plaintiff demands a jury trial of all issues.

## **CERTIFICATION**

      Pursuant to Local Rule 11.2, I certify that to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other Court action or arbitration proceeding, nor pending or contemplated, and that no other parties should be joined in this action.

                              ARLEO & DONOHUE, L.L.C.
                              Attorneys for Plaintiff

                              By: */s/ Frank P. Arleo*
                                    Frank P. Arleo

Dated: November 1, 2019