UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JUSTIN MONTGOMERY,** | : | Civil Action No. 19-19728 (JMV) |
| **Plaintiff,** | : | |
| v. | : | **OPINION AND ORDER** |
| **CITY OF PATERSON, et al.,** | : | |
| **Defendants.** | : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on two motions by Defendant Kyle Wanamaker ("Wanamaker") and Defendant Spencer Finch ("Finch") (collectively, "Defendants") to stay the instant civil proceedings pending criminal dispositions. [ECF Nos. 67 and 68].[1] Plaintiff Justin Montgomery ("Plaintiff") opposes the motions [ECF No. 70]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Defendants' motions, and considers the same without oral argument pursuant to L. Civ. R. 78.1(b). For the following reasons, Defendants' motions [ECF Nos. 67 and 68] are **DENIED**.

**I.   BACKGROUND**

The Court writes primarily for the parties who are familiar with the factual and procedural history in this case.[2] Plaintiff initiated this action on November 1, 2019 against Defendants City of Paterson, Spencer Finch, individually and in his official capacity, Kyle Wanamaker,

---

[1] Although Defendants Wanamaker and Finch are represented by separate counsel and their motions were submitted separately, a careful review indicates the motions contain identical language and thus shall be adjudicated conjointly by the Undersigned.

[2] For a fuller recitation of the facts and procedural history, please see the Letter Order granting Plaintiff's Motion to Amend dated February 23, 2022 [ECF No. 64].

1

individually and in his official capacity, Paterson Police Department, and John Does 1-10, and brought the Complaint pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation of Plaintiff's civil rights during an incident which occurred on or about December 23, 2018. *See* ECF No. 1.[3] The initial complaint also alleged violations of the New Jersey Civil Rights Act as well as a civil conspiracy to violate Plaintiff's rights under the United States Constitution and New Jersey Constitution. *See id.* On June 10, 2020, the Court entered a Pretrial Scheduling Order in this matter. ECF No. 16. On July 23, 2021, Plaintiff filed a motion to amend his complaint to add an additional claim against Defendants alleging violations of the New Jersey Law Against Discrimination ("LAD" or "NJLAD"), N.J.S.A. § 10:5-1 *et seq. See* ECF No. 40. The Court granted Plaintiff's motion to amend in a Letter Order on February 23, 2022. ECF No. 64.

Thereafter, on March 10, 2022, Defendants Wanamaker and Finch filed the instant identical motions to stay the civil proceedings pending criminal prosecution. ECF Nos. 67 and 68.

## II.     DISCUSSION

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Depomed Inc. v. Purdue Pharma L.P.*, No. 13–0571, 2014 WL 3729349, at *2 (D.N.J. July 25, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976).

---

[3] Although the original complaint stated the incident occurred on or about December 22, 2018, subsequent court filings indicate the incident occurred a day later, on December 23, 2018. The Court will rely on these subsequent filings and will assume the incident took place on or about December 23, 2018.

"A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). In assessing the sustainability of issuing a stay in such cases, the court considers six factors:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Id.* at 527 (citing *Trs. of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The Court will address each of these factors in turn.

**1. Similarity of Issues.** "The similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay.'" *Id.* (quoting Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)). Here, the parties dispute whether the civil and criminal proceedings pertain to the same underlying incident involving Plaintiff. In support of such a relationship, Defendants' briefs reference a criminal proceeding that is already underway regarding a different incident involving Officer Finch,[4] as well as Defendants' "belief that the Passaic County Prosecutor's Office [("PCPO")] is investigating the allegation in the civil matter herein to determine whether to bring additional criminal charges against Defendants." ECF No. 67-1 at 2-3; ECF No. 68-1 at 2-3.

In response, Plaintiff states that Defendants' "argument conflates a criminal proceeding against Spencer Finch that does not involve either defendant Kyle Wanamaker or this plaintiff, with the facts relating to this litigation." ECF No. 70 at 3. On July 26, 2022, the Court issued a

---

[4] *See* ECF No. 67-1 at 2; ECF No. 68-1 at 2 (both briefs citing to Complaint No. W-2021-1983 brought against Officer Finch).

3

Letter Order directing the PCPO to submit a letter setting forth the current status of any criminal investigations against Defendants Finch and Wanamaker. ECF No. 80.[5] The PCPO's response, filed on August 8, 2022, states the following:

> By way of an update, since its Initial Motion to Quash Plaintiff's subpoena was filed on March 28, 2022, the PCPO has continued to actively investigate the incident underlying the instant matter, which took place in or around December 23, 2018 (hereinafter the "December 23, 2018 incident"). *As a result of that continued investigation, in or around April 2022, Defendant Finch was offered a pre-indictment plea agreement, which encompassed the charges involved in a separate incident proceeding under PAS-22-07-836-I, as well as potential charges stemming from the December 23, 2018 incident* (hereinafter the "PIP").
>
> In or around July 5, 2022, Defendant Finch, through his counsel, rejected the PIP. *At this point, the PCPO intends to bring charges against Defendant related to the December 23, 2018 incident* and will be seeking a criminal indictment through Grand Jury. *It is anticipated that presentment will take place this fall*.

ECF No. 81 (emphasis added).

Based on the PCPO's letter, it appears that Defendants are not conflating a separate criminal proceeding against Spencer Finch with the facts relating to this litigation, but rather the PCPO offered Officer Finch a plea agreement that encompassed both the events underlying the instant litigation and a separate incident for which Officer Finch ultimately was criminally charged. Thus, the Court will presume that Defendants are not seeking a stay of civil proceedings based on the separate criminal proceeding against Officer Finch, as such argument would be unpersuasive in light of the high threshold for granting a stay. Further, it is clear that the instant civil litigation and potential criminal prosecution pertain to the same underlying incident involving Plaintiff, as the PCPO in its August 8, 2022 letter references "the incident underlying the instant

---

[5] The Court's request was related to the PCPO's motion to quash Plaintiff's subpoena for the criminal investigation file related to the December 23, 2018 incident involving Plaintiff. *See* ECF No. 71. The Court denied the PCPO's motion to quash in a Letter Order issued on August 15, 2022. *See* ECF No. 82.

4

matter, which took place in or around December 23, 2018." ECF No. 81. Therefore, this factor weighs in favor of a stay.

    **2.    Stage of Parallel Criminal Proceedings.** "The stage of the parallel criminal proceedings may also substantially affect the determination of whether a stay is warranted." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527. As the court in *Walsh Securities* noted:

> The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution *after an indictment is returned*. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.

*Id.* (emphasis added) (quoting *Parallel Proceedings*, 129 F.R.D. at 203). The *Walsh Securities* court further observed that pre-indictment requests for a stay are generally denied because "there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case." *Id.* (citing *United States v. Priv. Sanitation Indus. Ass'n*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992)).

However, the *Walsh Securities* court stated that a pre-indictment stay is still possible to obtain where "the Government is conducting an *active* parallel criminal investigation." *Id.* (emphasis added) (citing *Parallel Proceedings*, 129 F.R.D. at 204). Indeed, the court in *Walsh Securities* granted a pre-indictment stay where the Government had executed search warrants and issued subpoenas to several defendants, finding this, along with the Government's indication to the Court "that the investigation is continuing," was sufficient evidence of an active criminal investigation and presented a strong case for a stay. *Id.*

Here, the facts are less clear cut. While neither Officer Finch nor Officer Wanamaker has been indicted for the incident with the Plaintiff, the PCPO stated in its August 8, 2022 letter to the Court that it offered Officer Finch a pre-indictment plea agreement in April of 2022 which was rejected and was anticipating presentment to take place on Officer Finch's criminal indictment

through Grand Jury "this fall." ECF No. 81. However, in that same letter, the PCPO indicated it continues to "actively investigate the incident underlying the instant matter." *Id.* As the Court explained in its August 15, 2022 Letter Order denying the PCPO's motion to quash, there are no details provided in the PCPO's August 8, 2022 letter specifying how the investigation is ongoing, and indeed the PCPO's statement that it is ready to indict Officer Finch before a grand jury appears to contradict the assertion that the investigation is "active." *See* ECF No. 82.

After a telephone status conference with the parties on September 9, 2022, seeking further clarification, the Court issued a Letter Order directing the parties to "submit a joint status update letter regarding any prosecutions concerning Defendants Spencer Finch and Kyle Wanamaker by no later than September 30, 2022." ECF No. 83. On September 12, 2022, Officer Wanamaker filed a letter stating, "there are no current prosecutions concerning him." ECF No. 85. On September 30, 2022, counsel for Plaintiff filed a joint status letter addressing the status of discovery in the current matter but the letter did not indicate the status of any criminal prosecution against Officer Finch. ECF No. 87.

Based on these facts, the Court finds that this factor, the stage of the parallel criminal proceeding, weighs against granting a stay. Regarding Officer Wanamaker, there is no evidence that any criminal prosecution will be brought against him, as demonstrated by his September 12, 2022 letter [ECF No. 85] and supported by the absence of any reference to Officer Wanamaker in the PCPO's August 8, 2022 letter [*see* ECF No. 81].

Regarding Officer Finch, the Court acknowledges that this factor could weigh in favor of a stay but finds the facts in this case distinguishable from *Walsh Securities* wherein the court granted a preindictment stay. First, the PCPO in its August 2022 letter failed to provide details as to how its criminal investigation was ongoing, and Plaintiff's brief suggests that evidence-

gathering in the investigation may have concluded years ago. *See* ECF No. 70 at 6. In contrast, in the *Walsh Securities* case, the subpoenas and warrants appear to have been issued closer in time to the court granting a stay in the civil proceedings. *See Walsh Sec., Inc.*, 7 F. Supp. 2d at 527.

Second, although the PCPO indicated in its August 8, 2022 letter that it intends to indict Officer Finch this fall, that letter was submitted over two months ago and to date no such indictment has been returned. This fact, combined with the PCPO's report that a pre-indictment plea agreement was offered in April of 2022 and rejected by Officer Finch in July of 2022, suggests that an indictment is not as imminent as implied in the PCPO's August 8, 2022 letter.

Therefore, the preindictment stage of the parallel criminal proceeding against Officer Finch weighs against a stay of the instant civil proceedings. However, the Court is aware circumstances can change, and should Officer Finch be indicted, the parties may file a renewed motion to stay the civil proceedings, as there will be greater potential for self-incrimination at that stage and a near-certainty that the criminal case will be resolved quickly pursuant to the Speedy Trial Act. *See Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (citation omitted).

    **3. Prejudice to Plaintiff.** Defendants aver Plaintiff would suffer no prejudice in delaying the civil proceeding and "could benefit from a criminal disposition with either result," as a conviction against Officers Finch and Wanamaker would bolster Plaintiff's claims and an exoneration of Defendants would provide counsel "a reasonable perspective in amicably attempting to resolve the civil matter." ECF No. 67-1 at 3; ECF No. 68-1 at 3. In response, Plaintiff cites to prejudice he has already suffered due to exhaustive delays caused by "defendants['] repeated failure to comply with the most basic document demands" with the end result that "three years have passed and the parties still have not completed the written discovery phase." ECF No. 70 at 5. Plaintiff argues he would be severely prejudiced were the Court to grant a "potentially

. . . open-ended stay based upon the speculative possibility of a distant criminal prosecution after defendants have continually resisted discovery." *Id.* at 8.

The Court does not find Defendants' arguments persuasive and agrees with Plaintiff that he would be substantially prejudiced should the civil proceedings be delayed any further based on an indictment against Officer Finch that shows no signs of being imminently prosecuted in the state criminal court.

**4. Burden on Defendants.** Defendants argue for the grant of a stay because they "should not be placed in the inevitable position of (1) being forced to testify in the civil matter to defend against the within allegations; or (2) exert [their] Fifth Amendment rights against self-incrimination, and by doing so potentially divulge strategies emanating from privileged conversations and discussion with [their] criminal defense counsel." ECF No. 67-1 at 3; ECF No. 68-1 at 3. In response, Plaintiff questions why, "if defendants genuinely feared Fifth Amendment related issues due to a possible criminal prosecution, they would have waited three years to raise this issue." ECF No. 70 at 8. Additionally, Plaintiff asserts that "if defendants are fearful of criminal charges related to this case, they are free to assert their Fifth Amendment privileges at their depositions, subject to the negative inference that accompanies that decision." *Id.* at 8 n.1. With regards to the Fifth Amendment analysis, the court in *Walsh Securities* noted:

> Although the Supreme Court has held that it is not unconstitutional to force a defendant into [the choice of waiving their Fifth Amendment rights and defending themselves in the civil lawsuit or asserting the privilege and probably losing the civil case], *see Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976), a court may nevertheless exercise its discretion to stay the civil case in the interests of justice. *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985).

*Walsh Sec., Inc.*, 7 F. Supp. 2d at 528.

Regarding Officer Wanamaker, although he argues he would be burdened with choosing to testify or exerting his Fifth Amendment rights against self-incrimination, this argument does not hold up after reviewing his September 12, 2022 letter which indicates there is no criminal prosecution pending against him. ECF No. 85. Thus, this factor weighs against granting a stay for the sake of Officer Wanamaker.

In contrast, the PCPO's August 8, 2022 letter indicates that Officer Finch is due to face a grand jury indictment, assuring that Officer Finch will be forced to make the choice between possible self-incrimination or pleading the Fifth. Therefore, the Court finds this factor weighs in favor of a stay as to Officer Finch.

5. **Interests of the Court.** The Court has "an interest in judicial efficiency in terms of managing its caseload," *Walsh Sec., Inc.*, 7 F. Supp. 2d at 528, and ensuring the "just, speedy and inexpensive" resolution of civil disputes. Fed. R. Civ. P. 1; *see also LM Ins. Corp. v. FAV Transp., L.L.C.*, No. 14-5424, 2015 WL 4915677, at *3 (D.N.J. Aug. 18, 2015). The Court finds that this factor weighs against granting a stay. This case was filed nearly three years ago and the underlying incident took place nearly four years ago, and the case is just now wrapping up written discovery, due in large part to delays attributable primarily to Defendants. Additionally, the criminal proceedings against Officer Finch are still in the preindictment phase, with no clear indication of when charges will be brought to bear. Therefore, this factor weighs against granting a stay of the civil proceedings.

6. **Public Interest.** The Court finds this factor weighs against granting a stay. Here, it is in the interests of justice to allow the civil litigant's claims to proceed where the incident occurred nearly four years ago and there has yet to be an indictment brought against Officer Finch, despite a pre-indictment plea agreement being rejected by Officer Finch in July of 2022. Additionally, the

public, like the Court, has a strong interest in ensuring the fair and efficient disposition of a case on its merits. Therefore, the Court finds the public interest weighs against granting a stay.

### III.  CONCLUSION AND ORDER

In conclusion, the Court finds the lack of any evidence of a pending criminal prosecution against Officer Wanamaker, as well as the other factors set forth in *Walsh Securities*, weighs against the grant of a stay as to Defendant Wanamaker in this case.

Regarding Officer Finch, although some of the factors weighed in favor of granting a stay as to Finch, the Court finds that the balance of equities supports denying the stay at this time. The risk of self-incrimination appears minimal presently, as the timing of the indictment against Officer Finch is speculative at best, and the instant civil case is nearly three years old and is awaiting the close of discovery. Therefore, the Court finds the above circumstances, taken with the *Walsh Securities* factors as a whole, weigh against granting a stay as to Defendant Finch in this case.

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 2**7th** day of **October**, **2022**,

**ORDERED** that Defendant Kyle Wanamaker's and Defendant Spencer Finch's motions to stay the civil proceedings [ECF Nos. 67 and 68] are **DENIED without prejudice**. A party may make a renewed motion to stay the civil proceedings should an indictment be returned against Defendants Finch and/or Wanamaker.

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**